Filed 6/26/13  In re C.W. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re C.W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>C.W.,<br><br>        Defendant and Appellant. | E058131<br><br>(Super.Ct.No. J245600)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Brian Saunders, Judge.  Affirmed.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A second juvenile wardship petition was filed in San Bernardino County on January 8, 2013, alleging that defendant and appellant C.W. (minor) committed

1

misdemeanor battery (Pen. Code, § 242, count 1) and resisted a peace officer (Pen. Code, § 148, subd. (a)(1)). A juvenile court found both allegations to be true. A disposition hearing was held on February 19, 2013, and the court ordered minor into the custody of the probation department, pending placement in foster care. The court ordered minor and his mother to participate in specified services, pursuant to Welfare and Institutions Code[1] sections 727, subdivision (b), and 731.

Minor filed a timely notice of appeal regarding the disposition. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

*First Welfare and Institutions Code Section 602 Petition*

On August 20, 2012, the San Bernardino County District Attorney's Office filed a Welfare and Institutions Code section 602 petition, alleging that minor had committed battery. (Pen. Code, § 242.) Minor was arguing with his mother, and he pushed her into the kitchen counter and struck her head on the kitchen cupboard. At the detention hearing, minor admitted the allegation. At a disposition hearing, the court declared minor *not* to be a ward of the court. The court placed minor in the custody of his mother on terms of probation under Welfare and Institutions Code section 725, subdivision (a).

On October 26, 2012, minor's probation officer filed a request for a special hearing, based on minor's alleged failure to comply with his probation terms. The court held a hearing, ordered the section 725, subdivision (a) probation terminated as

---

[1] All further statutory references will be to the Welfare and Institutions Code, unless otherwise indicated.

2

unsuccessful, and declared minor a ward. Minor was not present at the hearing, and the court issued a bench warrant. The court subsequently held a detention hearing with minor present and detained him in juvenile hall, pending further hearing. On December 4, 2012, the court ordered that minor be continued as a ward and placed in his mother's custody, under the probation terms previously imposed, as well as two additional terms.

*Second (Instant) Welfare and Institutions Code Section 602 Petition*

On January 8, 2013, a subsequent Welfare and Institutions Code section 602 petition was filed, alleging that minor committed battery (Pen. Code, § 242, count 1) and resisted a peace officer (Pen. Code, § 148, subd. (a)(1), count 2). A hearing was held, and minor's sister (the sister) testified that, on January 6, 2013, she heard an argument going on between minor and his mother. The sister walked into the room, and minor charged at her and started punching her with a closed first. He punched her three times in the face and kicked her in the ribs. Minor's mother and uncle called the police, and minor left the house. Officer Gerad Laing responded to the call. Officer Laing testified at the hearing that he saw minor running, so he pulled his patrol car in front of him and told him to stop. Minor turned away from the officer and continued to run. Officer Laing got out of his car and chased minor down. Officer Laing took him down and had to use a control hold, since minor was still trying to run away. Officer Laing and another officer eventually gained control of minor and arrested him. Minor testified at the hearing, as well, and denied punching his sister. After hearing the testimonies, the court found both allegations to be true. The court subsequently ordered minor into the custody of the probation department, pending placement in foster care.

## ANALYSIS

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case and two potential arguable issues: (1) whether minor's convictions were supported by sufficient evidence; and (2) whether the court abused its discretion in ordering him into out-of-home placement. Counsel has also requested this court to undertake a review of the entire record.

We offered minor an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:


McKINSTER
J.


RICHLI
J.

4